NO. 3093

The Commissioners' Court of a county does
not have authority to sell at a discount
State warrants issued to augment the
Officers' Salary Fund or funds of the
county as provided in Section 6a, Article
3912e, Vernon's Annotated Civil Statutes
of Texas .

OFFICE OF ATTORNEY GENERAL

July 5, 1940

Honorable Chas. A. Tosch
County Auditor, Dallas, County
Dallas, Texas.

Dear Sir:

Opinion No. O-1054
Re: Whether a county can sell
at a discount State War-
rants issued to augment
the Officers' Salary Fund.

Your letter of August 16, 1939, supplementing the
letter dated June 27, 1939, from Mr. J. L. Groethwait who
was then County Auditor of Dallas County, has received our
attention. We appreciate your kind indulgence pending our
reply and sincerely regret the unavoidable delay in answer-
ing your request.

In considering the request from your office, this
opinion, of necessity, concerns itself only with the par-
ticular warrants above mentioned for the reason that the
term "any other evidence of indebtedness" covers too broad
a field to permit a consideration thereof by this depart-
ment in the absence of more specific facts concerning any
particular indebtedness you may have in mind.

Your request concerns and directs our attention
to such State warrants, issued by the Comptroller of Pub-
lic Accounts and drawn on the State Treasurer out of an
appropriation made pursuant to Section 6 (a) of Article
3912e as contained in Vernon's Cumulative Supplement to
the Revised Civil Statutes of 1925. The material provi-
sions of Section 6 (a) of said article read:

"Sec. 6 (a)  In counties wherein the county officials are on a salary basis, in addition to the monies deposited in said Officers' Salary Fund or funds under the provisions of Sections 1, 3 and 5 of this Act there shall be deposited therein quarterly on the first day of January, April, July and October of each year, such sums as may be apportioned to such county under the provisions of this Act, out of the available Appropriations made by the Legislature for such purposes provided, . . .It shall be the duty of the Comptroller of Public Accounts to annually apportion to all counties in which the county officers are to be compensated on the basis of a salary any monies, appropriated for said year for such apportionment; each county entitled to participate in such apportionment shall receive for the benefit of its Officers' Salary Fund or funds its  proportionate part of the appropriation which shall be distributed among the several counties entitled to participate therein, on the basis of the per capita population of each county according to the last preceding Federal Census; provided that the annual apportionment for such purposes shall not exceed fourteen (14¢) cents percapita of said population of each county where county officers are compensated on a salary basis under the provisions of this Act. . .The quarterly payment of such apportionment of such appropriation shall be made on warrants drawn by the State Comptroller upon the State Treasury payable to the countytreasurer of the county. . .

"(b)  No officer receiving a salary shall hereafter receive any ex officio compensation; provided, however, the Commissioners' Court shall transfer from the General Fund of the county to the Officers' Salary Fund or funds of such county such funds as may be necessary to pay the salaries and other claims chargeable against the same when the monies deposited therein are insufficient to meet the claims payable therefrom. (Underscoring ours)

"(c)  Any monies remaining in the Officers' Salary Fund or funds of any county at the end of any fiscal year after all salaries and authorized expenses incurred against said fund for said year shall have been paid may be, by order of the Commissioners' Court, transferred to the credit of the General Fund of the county."

Section 19 of Article 3912e and its various subdivisions applicable to counties having a population in excess of 190,000 inhabitants would apply to Dallas County. Here again the Legislature expressly provided that any deficit occurring in the Officers' Salary Fund or funds of the county should be made up by a transfer from the County General Fund, as clearly shown from the following excerpts from various subdivisions under this section of the statute:

Subdivision (f), pertaining to the salaries of district or criminal district attorneys, their assistants and stenographers, we quote:

"All such salaries above mentioned shall be payable from the Officers' Salary Fund, if adequate. If inadequate, the Commissioners' Court shall transfer the necessary funds from the general fund of the county to the Officers' Salary Fund."

Subsection (k) of Section 19 provides:

"(k) No officer receiving a salary shall receive any ex-officio compensation from the county; provided, however, the Commissioners' Court shall transfer from the general fund of the county to any Officers' Salary Fund of such county such funds as may be necessary to pay the salaries and other legally authorized claims chargeable against such fund when the moneys deposited to the credit of such fund are insufficient to meet the claims against it."

Subsection (m) in part provides:

"(m) All moneys drawn from said Officers' Salary Funds shall be paid out only on warrants approved by the county auditor. No warrants shall be drawn on said fund in favor of any person indebted to the State, county, or to said fund or in favor of his agent or assignee until such debt is paid, when notice of such indebtedness has been filed with the county auditor.

"All moneys remaining in any Officers' Salary Fund of the county at the end of any fiscal year after all salaries and authorized expenses incurred against said fund for said year shall have been paid and the accounts of said officer have been audited and approved by the county auditor shall be by order of the Commissioners' Court transferred by warrant issued by the county clerk when approved to the credit of the general fund of the county."

Subsection (r) of this section provides:

"(r) The moneys received from the State by each such county under the provisions of Section 6 and subsection b of Section 13 of this Act shall be apportioned by the Commissioners' Court to the proper Officers' Salary Fund of each such county."

In Chapter 463, Appropriation for support and maintenance of Judiciary, Comptroller's section, page 1165 of the 1937 Session Laws, 45th Legislature, we find that the Legislature has appropriated a designated sum of money for apportionment to counties where county officers are paid salaries

pursuant to the above statutory provisions.  Likewise, the
46th Legislature has so made an appropriation for the present
biennium ending August 31, 1941.

There are certain well settled rules and principles
accepted by our courts and in most states generally, among
which are that State warrants are not considered as, nor do
they have the qualities of commercial paper.  They possess
none of the qualities or attributes of commercial paper.  The
holder merely stands in the shoes of the payee.  Warrants
are only prima facie evidences of an indebtedness, serving
as a convenient mode of conducting the public business and
are non-negotiable generally.  Asby vs. James, 126 S. W. 732;
Lasater vs. Lopez, 217 S. W. 373.

The Commissioners' Court of a county is a creature
of the State Constitution and its powers are limited and
controlled by the Constitution and the laws as passed by
the Legislature.  See Constitution, Article V, Section 18;
Baldwin vs. Travis County, 46 Civ. App. 199, 88 S. W. 480;
Seward vs. Falls County (Tex. Civ. App.), 246 S. W. 726;
Bland vs. Orr, 90 Tex. 492, 39 S. W. 558; Commissioners
Court vs. Wallace, 15 S. W. (2d) 535; Howard vs. Henderson
County, 116 S. W. (2d) 479 (writ refused).

The county court being an agent of the county, must
conform to the mode prescribed for its action in the exercise
of its powers confided to it- Ferguson vs. Halsell, 47 Tex.
121.

The warrants in question are a species of property,
evidencing an obligation on the part of the State to its
district, county and precinct officers.  The funds represented
thereby are ear-marked with a particular trust, guaranteeing
to the respective counties and their officers who hold the
equitable and beneficial interest therein, payment according
to their face value.  To the extent of 100% of their face
value, the State has pledged its credit.  They are payable
to the County Treasurer, who as disbursing agent of the
county, must account for all moneys which come into his
hands and apply the same as "required by law".  (See Article
1709)  Such warrants are the means of transferring state
funds from the State Treasury to the County Treasury or
Officers' Salary Fund and until actually disbursed such sums
represented remain those of the State.

The County Treasurer is a public officer entrusted
with the money which belongs to the public, which continues
to be public funds in his hands.  His duties are prescribed
by statute, and his obligations are fixed by the law and by
the terms of his bond.  Poole vs. Burnet County, 76 S. W. 425.

Does the Commissioners' Court have authority in
carrying out its trust, by assignments, to obtain less than
the face value of these particular warrants?  We hardly
think so.  An examination of the statutes discloses that
the Legislature has provided a method and means of augmenting
the Officers' Salary Fund when there is insufficient funds
therein to pay the salaries of the district, county and
precinct officers, as follows:

". . .provided, however, the Commissioners'
Court shall transfer from the General Fund of the
county to the Officers' Salary Fund or funds of
such county such funds as may be necessary to pay
the salaries and other claims chargeable against
the same when the monies deposited therein are
insufficient to meet the claims payable therefrom."

We fail to find any authority, expressed or implied,
authorizing the county to discount its own warrants in pay-
ment of county obligations, and without legislative authority
it may not discount the State warrants in payment of its
obligations.

You are therefore respectfully advised that it is
the opinion of this department that the Commissioners' Court
of a county is not authorized to sell State warrants issued
to augment the Officers' Salary Fund of the county, at a
discount.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:go

This opinion has been considered in conference,
approved, and ordered recorded.

( Signed)

Grover Sellers
First Assistant Attorney
General of Texas